The last case is called Oral Argument as People. This is Brown. Good afternoon. May it please the Court. My name is Craig Conlin. I'm in the unusual position of arguing for myself. I'd just like to start with… You don't have any opposition. Sometimes that's good, sometimes that's bad. On February 26, 2009, Judge Wharton issued a two-sentence order. The order says, Show cause to issue for Attorney Chief Finland for failure to appear after notice on 2-17-09. The second sentence just said the date and time of the hearing. Interesting about that order is it does not mention it's a criminal contempt proceeding. It doesn't have the word criminal or contempt in the two-sentence order. Seven days later… By the way, that order was mailed to me, so I only had a few days to read it, react to it. Seven days later, on March 5, after calling the case and as I was walking to the counsel's table, I heard Judge Wharton state the following, and I'm going to quote him exactly. Quote, the court at this time would find the defendant is direct criminal contempt of the court. End quote. So that's the case. We had a two-sentence order, and before we could even sit down,  the proceeding, I mean, I was blindsided. I had no idea this was even a criminal contempt proceeding. Every statement that I made in this case was after I was found in direct criminal contempt. Is there anything in the record showing you were present in the courtroom when you were found in contempt? You said you were walking to the counsel's table. Is there anything in the record to show that? Well, the prosecutor said, alerted the judge of the fact that I was in the courtroom. That's in the record someplace? Yeah. Okay. Because we don't have it yet. Hey, you got a notice for like a rule of show cause or something. Is that right? Yeah, two-sentence order. You got one, I think I remember, like in November or so. I had one back there. For a missed trial date or missed court date or something that never was adjudicated. It was reset again, right? Right. Okay. And then there was a problem, whatever the problem was, that you didn't show up on a different date that the court thought that you should have been there, and then issued another notice to you, presumably to come in and show cause why you weren't there at the previous hearing. Yeah. Is that correct? It only mentioned one day. Right. That's correct. Okay. The last one. The other one was presumably taken care of or overlooked or whatever. And you're saying that when you walked in on the second notice hearing, we'll call it a rule of show cause, you weren't given the opportunity to show cause why you missed the previous hearing date. That's absolutely correct. But you then just told Judge Welch that you were allowed to explain or give an explanation or to speak to the court after the finding of both direct criminal intent? Well, after the judge had mentioned that, I told you I felt like I was blindsided, and the prosecutor started to talk for me. You know, he tried to settle things with the court. I think he was the first, if I remember correctly, he was the first to speak, saying just tell the judge the history and why this was a case that was dormant. It was just waiting for other cases to be disposed of. And so he, the prosecutor, actually was the first to speak. I think in my defense, I don't think he felt like I had done anything that was not dignified to the court. You thought you had a legitimate excuse because the court differed with you. That's right. And the court got to hear your side of the story, though, or your explanation. Judge, I don't think that's right. And I know you have the cold record and the four corners of the record. I think if you read it very carefully, when I was talking afterwards, I was cut off a couple times by the court. You know, I showed him, like at the second hearing, I showed him some case law, and I wanted to go through that, and he cut me off and said I find those distinguishable. There's no case like you have here. You seem to be making a distinction between your direct criminal content and your indirect criminal content. In the whole scheme of things, is that what you're basing your argument on here today, or does it make any difference if it's direct or indirect criminal content in this situation? It makes all the difference in the world. In what regard? Well, if you see me do something that's, you know, would be contemptuous. I know the difference between direct content and indirect content. I know the difference between those. If the trial court misspoke or misconstrued it, in this situation, what difference does it make? Well, first of all, the judge never explained it. Let me explain why it wasn't there. I just thought you said that he did afterwards. No. You're saying this was after the fact? Yeah. I mean, the first thing out of his mouth was he's finding me in criminal contempt. I did get to speak a little bit, but I did not get to, you know, tell the court where I was and why it wasn't willful. Are you suggesting that this court should remand it back for a hearing on indirect criminal contempt and give you the opportunity in front of the trial judge to give your explanation now? Well, what I think the court should do is say this is not a criminal contempt proceeding and reverse that. If they want to bring another proceeding on indirect criminal contempt, I think that's a different case. I think those are two distinguishable cases that are brought separately, and the judge specifically found me in direct criminal contempt. And this is not a direct criminal contempt case. I don't think it should be remanded. It wasn't even a charging instrument. It wasn't a document other than this show cause notice. I mean, the due process clause says, you know, it's got to be brought by a prosecutor. Why did you show up in court that day? What did you think was going to happen? Judge, to be honest with you, on that day I was home with the flu. I never got to even discuss it. No, no, no, I'm talking about the day that Judge Wharton held you in direct criminal contempt. Why did you appear that day? What did you think was going to happen at that hearing? I thought I needed to be there to show cause. I wasn't there until 1709. I thought it was just a civil discussion with the judge. Like, you know, sometimes judges want to know why you weren't there, and, you know, that's not unusual. And let's say that Judge Wharton gave you the opportunity to explain why you weren't there the week before or whatever, the last court date. And after explaining that, he says, I find you in contempt and impose a $500 fine. You see a problem with that procedure? I do, Judge. In what way? And I hope it never, ever comes down to this, but I think in any criminal case, the procedures of criminal procedure need to be followed in every case. I think there needs to be a charging instrument. I think there needs to be, you know, all the procedures that are laid out in our criminal procedure code need to be followed in any criminal case. Otherwise, it's, you know, it's... Well, that's why I asked you why you showed up there, what you thought was going to happen. And you said, well, you were going to have to show cause why you didn't appear at the last hearing. So presumably you knew the nature of the complaint or charge or allegation against you at that time. And what else are you talking about then? There could be civil contempt. I was ordered to appear there on 3509. I'm not going to disobey a court order. I mean, that's why I showed up. I was ordered to appear. To show cause. Yeah. So you knew the nature of the proceeding. Is that correct? I didn't know it was a criminal proceeding. No, I did not. Well, if the trial judge misspoke and if we tend to agree that this was not a criminal, I mean, direct criminal contempt, that it was indirect contempt. Right. Then there needs to be some witnesses, too. I mean, that's part of a criminal trial is you have witnesses. I think the court can take judicial notice of his own courtroom that you didn't show up on a certain date. Can't he? I don't know, Judge, because, you know, in these criminal courtrooms there's hundreds of cases. If you didn't show up this afternoon, our clerk would send you an order saying you're hereby, show cause order directed to come into court next month or something, explain why you didn't show up here. If you came in court next month and said, you know, I stopped at McDonald's and I just started eating so many hamburgers I forgot about court or some excuse there, you're saying that this court wouldn't have the authority right then to hold you in indirect contempt and impose a $500 fine on you. It would have to. It would have to file record charges against you and give you some other rights. I think you would. We would have to actually get a charging document and give it to you, advise you of the right to have an attorney. And present witnesses where I was, you know, if I had an excuse. No, I mean, ask you to come in and show cause. Why wouldn't you bring in whatever witnesses you wanted to at that time? If you thought this was a show cause hearing in front of Judge Wharton and you had other witnesses other than yourself, you could have brought them in presumably. Were there other witnesses that you wanted to bring in? I could have presented other evidence. Sure, sure I could have. I didn't have an idea that this was a criminal proceeding. Well, it was a contempt proceeding. I don't know why we're hung up on the word criminal proceeding. This was a contempt proceeding. It had nothing to do with the guilt or innocence of your client. No, that's true. But a criminal connotation, you know, I could lose my liberty. I could use my right to be free. I mean, there's due processes involved. If I understand the case law, I have to be advised of what the charges are, make sure that they're clear, what witnesses are going to be presented against me. Whether it's criminal or civil, direct or indirect, were you given an opportunity to show cause before the finding was entered? No. What was the exact wording of the show cause order? Do you have that, Andy? I do. Could you read that to us? It says, two sentences. First sentence says, show cause to issue for attorney G. Finley for failure to appear after notice on 2-1709. Second sentence just says, show cause set for 3-509 at 930, room 409. So it was a two-page, I mean, two-sentence order. Counsel, the record reflects that the court informed you of its finding prior to giving you the opportunity to show cause. I mean, that's one of your grounds. You have other grounds that you believe there should be a written charge specifying it or something. Correct. But you yourself, again, I don't want to beat myself, admitted that you knew what the hearing was about. It was about not appearing at the previous court hearing. Judge, what I thought was there was a confusion and the prosecutor didn't notify the court that this case was being superseded by another case. I didn't think the judge knew that. Sometimes it says a rule to show cause. That's an abbreviation. Rule to show cause why you should not be held in contempt. That's the full meaning, we all know, right? So you knew that this was a show cause for a contempt hearing. Is that a fair statement? Show cause why you should not be held in contempt of court. When I've seen show cause orders, for example, we get them in Missouri courts on jurisdictional issues, the court of appeals, we just file a written response to that. Or, you know, there's a certain procedure for that. I mean, I've had show cause orders where I've just filed a written response to it. But I've had like two days to even. I'm not asking about that. It's show cause why you should not be held in contempt. That's the meaning of the show cause order. Is that correct? Was that your understanding? No, that's not my understanding. It was the show cause for what then? It does say for failure to appear after notice. Or you would what? It didn't say that. Be told not to do it again? I mean, this is in the context of a contempt proceeding though, right? It didn't mention contempt. What else could it possibly have been? I just thought the judge wanted to know what's going on with the case. You know, what's the status of the case? You know, I didn't think he knew that this was a dormant case. You know, the prosecution had elected him under the case. That's honestly what I thought. And if you could not show cause, what did you think would happen then? I thought that I could show cause. I know, but let's just say that you couldn't show cause. What would happen then? I think the judge could give me some kind of civil fine if he thought I would. Is that not what he did in this case? No, he found me in direct criminal contempt, filed a bar complaint against me, notified the press. But there's no fine with the press. He could have done that regardless of whether or not it's civil or not. Judge, the first thing out of his mouth before I could even say anything was he found me in direct criminal contempt before I could even say a word. Was this also a status call on the case? Yes. Well, no. The only thing I knew was this two-sentence order. I was superior to a cop. Is that the way the transcript begins pretty much? Yes. I find you contempt now. No, he did say. Now what have you got to say for yourself? No, he did say what time it was. It was 935. But on page 34. You were out in the hall waiting to come in, I think. Yeah. Okay. But I'm not experienced in these things. This has never happened to me. What's the status of the bar complaint? I think they're waiting to see what happens with me, whether I'm in contempt, whether that's going to be affirmed or not. Have you been, other than just notice that there's been a complaint filed, anything else happened? I had to respond. I sent him a copy of my brief.  How long has that been pending? Probably since a couple days after the judge entered his order. And, by the way, when I tried to argue with it, then he brought up the fact that I wasn't there, you know, four or five months earlier, which was never adjudicated either. One last question, counsel. Had you been in the St. Clair County criminal court system before? Oh, sure. You'd appeared before presumably a number of other judges there. Yeah. Had you ever appeared in front of Judge Wharton before that you can recall? No, sir. I think the first words I ever spoke to him were, you know, in this proceeding. And I assume you had no other problems at all with any of your cases that were new to the other judges prior to this confrontation with Judge Wharton? No, Judge, not that I'm aware of. And I kind of asked some of my colleagues and other lawyers, you know, what do you think about this? And everybody thinks, well, what's the underlying problem? Did you have a run-in with the judge? And I've never even spoke a word to him. You know, there's nothing else here, Judge, this is it. And I would like the court to know that the case against Lamont Brown has been dismissed and all of his cases have been concluded very favorably. And I have not had, I've been a lawyer here for 24 years, never had a problem with it. My family's from the St. Clair area, county area, never had a problem before. This is not a case, Judge, where I was belligerent. This is not a case where I was indignant. This is not a case where I thwarted the court's authority in any way. It's not there. If I was rude and deserved this, I would have taken my lumps. But I don't think I deserve this. And I just wanted to appear here today and answer any questions that you had and ask you to consider my brief and reverse it as far as my record. Thank you, counsel. We'll take the case under advisement.